BERRYHILL v. STRICKLAND *et al.*

No. 2786.  Opinion Filed May 20, 1913.

(132 Pac. 687.)

1. **VERDICT SUSTAINED.** Evidence examined, and held sufficient to support the verdict.

2. **SUFFICIENCY OF INSTRUCTIONS.** Instructions examined, and held to substantially state the law applicable to the facts of the case.

3. **APPEAL AND ERROR—Harmless Error—Admission of Evidence.** The admission of immaterial evidence held, under the facts of this case, to be harmless.

4. **EVIDENCE—Competency—Opinion.** In an action for a breach of warranty of the condition of water tanks sold to plaintiffs, it was not necessary that the person who placed the tanks in position, and who had been engaged in the business of handling and erecting tanks for twenty years, should qualify as an expert tinner before being permitted to testify from actual knowledge as to the physical condition of the tanks in question.

(Syllabus by Brewer, C.)

*Error from County Court, Carter County;*

*I. R. Mason, Judge.*

Two actions consolidated, one by E. V. Strickland, the other by F. B. Stobaugh, both against Frank Berryhill. Judgments for plaintiffs, and defendant brings error. Affirmed.

*Potterf & Walker,* for plaintiff in error.

*Young & Stobaugh,* for defendants in error.

Opinion by BREWER, C. E. V. Strickland and F. B. Stobaugh each filed a suit against Frank Berryhill, the plaintiff in error, in a justice of the peace court of Carter county for damages for breach of a contract in the sale of a water tank. Each plaintiff recovered a judgment, and the cases were appealed to the county court of Carter county, where they were consolidated by agreement and tried at the same time, and each plaintiff recovered a judgment for $40 through the verdict of

the jury. To reverse these judgments the defendant brings error.

In the bill of particulars filed before the justice of the peace, it is alleged, in substance, that the defendant, Berryhill, is a manufacturer of water tanks and other articles usually manufactured by a tinner; that in March, 1909, the plaintiffs and defendant entered into a contract in which the defendant agreed to make a tank for each of the plaintiffs for the sum of $60; that such tank was to be made of twenty guage iron, to be in first-class condition, and first-class workmanship and material were to be used; that defendant knew the purpose for which plaintiffs wanted said water tanks, and agreed and warranted that he would make tanks suitable for such purposes; but that, nothwithstanding such contract and warranties that the tanks delivered to plaintiffs were worthless, they were not of good material, the workmanship was faulty, and the tanks were worthless and of no value; that the defendant knew this at the time he delivered the same to plaintiffs; and that thereby plaintiffs were damaged, etc. The defendant for answer filed a general denial. The numerous assignments of error alleged in the brief may be stated under the following general heads: (1) The insufficiency of the evidence. (2) The admission of incompetent evidence. (3) Giving improper instructions. (4) Refusing proper instructions.

1. We have read the evidence in this case and cannot agree with the contention made that it is insufficient to support a verdict in favor of the plaintiffs. It is abundantly shown that these tanks were purchased under a contract substantially as alleged and that when erected upon water towers they leaked; that in a short time pin or rust holes developed in certain of the sheets of galvanized iron used, some of the holes getting as large as the end of a finger; that in one of the tanks this condition developed in the second sheet from the bottom; that in the other tank the same condition developed in one of the sheets of the bottom; that plaintiffs were much annoyed in

trying to remedy defects, stuck matches and wooden pins in the holes, had local tinners try to solder the seams, etc.; that the defendant was notified of the defects in the tanks and later went out to see about them, and did some work on one of them.

The evidence convinces us that these tanks were of practically no value to the purchasers for the purpose of holding water; this being the intention for which they were purchased. The jury found $40 damage to each of the plaintiffs; this sum was in our judgment well within the evidence. The jury evidently thought that the defects in these tanks, being confined to certain sheets of the iron used, they could have been rebuilt and the imperfect sheets replaced by perfect ones, and that for this reason they had some actual value.

The objection that incompetent evidence was admitted involves two items of evidence. In the first place, complaint is made to the admission of certain evidence relative to a chemical analysis of the well water used in these tanks. This evidence was introduced in chief, and was incompetent because immaterial under the issues tried. It is said in the brief that in the justice court, where the defense filed no written answer, the claim was made that the tanks in question were ruined by the chemical action of the water put in them, and that this proof was offered in anticipation of this claim being made again. When the case was tried in the county court, this defense not being urged, the evidence threw no light on the case; but wherein it could have harmed any one, save in the time consumed, is not easily perceived.

In the second place, it is objected that witnesses Havens and Fortner were allowed to give opinion evidence in the absence of a showing of proper qualification. The testimony of neither of these witnesses is set out in the brief as required by rule 25 (20 Okla. xii, 95 Pac.viii) of this court, so that the court can ascertain, without examining the record, whether or not the contention is sound. Inasmuch, however, as we have read the evidence to determine its sufficiency, we will consider the point. We have again gone over the eleven pages of the evidence of the witness Havens,

not knowing the particular answers complained of, and find very little of it opinion evidence. He is the man who placed the tanks on the towers and testified as to the careful and skillful manner in which this was done, to show that the defects were not traceable to improper handling. He also testified to the defects, leaks, and bad material in part used, not as an expert, but from his actual knowledge of the physical condition of the tanks. It takes no expert to know that a water tank with twenty or thirty rust holes in it scattered over considerable surface, from which water is ejected in sprays, is of little value in that condition as a receptacle for water. Besides, Mr. Havens, while stating that he was not an expert tinner, yet said he had been in the business of handling and erecting tanks of this kind for twenty years. The objection to his testimony is without merit. As to Mr. Fortner, it appears that he testified, principally, to assisting Havens in erecting the tanks, and from personal views of the tanks testified that sections had many rust holes in them so that they would not contain water. Asked if the sections which had rusted through into many holes, in a few months, while the other sections were sound, were good material, he replied that those sections were not. A drayman or a cowboy with the same observation and facts in mind, would have been competent to say that these sheets were bad material. This contention likewise is without merit.

The instructions given and complained of are not set out in counsel's brief as required by rule 25 (20 Okla.: xii, 95 Pac. viii) of this court, and under a line of decisions the objection made is not entitled to consideration; but we have examined them, and believe them to substantially state the law applicable to the facts of the case.

4. And, lastly, the instructions asked and refused were sufficiently covered in the general charge of the court in so far as they ought to have been given.

This is a small case, but it has been fought with all the technical care and tenacity of purpose that would attend the trial of a wealthy citizen for a capital offense. This has com-

pelled a very careful examination of the record, and we have become firmly convinced that the result meets the ends of justice, and that the parties have had a reasonably fair trial.

The cause should be affirmed. ·

By the Court: It is so ordered.